# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 1, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CHARLES MINOR,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1028** (BOR Appeal No. 2048203)
(Claim No. 2008008103)

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles Minor, by Johnathan C. Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company, by Edward M. George III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 13, 2013, in which the Board affirmed a February 28, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's February 2, 2012, decision to grant 5% permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Minor, an employee of Consolidation Coal Company, was working on bolting a roof on August 9, 2007, when a line busted causing hot oil to spray in his face. In the process, Mr. Minor slipped and fell backwards off of the platform and injured his lower back. Mr. Minor filed his workers' compensation claim and it was held compensable for a lumbar strain. On January 27, 2012, Mr. Minor reported to Joseph Grady, M.D., for an independent medical evaluation. The evaluation is not of record in this appeal. Based upon Dr. Grady's evaluation the claims

administrator granted Mr. Minor a 5% permanent partial disability award on February 2, 2012. Mr. Minor protested this decision and asserted he was entitled to a 10% permanent partial disability award based upon an independent medical evaluation performed on July 29, 2012 by James Dauphin, M.D. Dr. Dauphin diagnosed Mr. Minor with a lumbar strain, a disc bulge at L5, and sciatica. Dr. Dauphin found 4% whole person impairment of the lumbar spine based upon range-of-motion testing. Dr. Dauphin placed Mr. Minor into Category III of West Virginia Code of State Rules § 85-20-C (2006), because Mr. Minor had verifiable numbness down both legs.

The Office of Judges determined that a 5% permanent partial disability award fully compensated Mr. Minor as it pertained to his August 9, 2007, injury. The Office of Judges noted the only medical evidence of record was a report of Dr. Dauphin, who opined that Mr. Minor suffered 10% whole person impairment, related to his August 9, 2007, compensable injury. Utilizing the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th Ed. 1993), Dr. Dauphin found Mr. Minor to have 4% whole person impairment related to his range of motion abnormalities. Dr. Dauphin did not refer to or assess impairment related to Table 75 of the *Guides* or neurological deficits. However, when applying Rule 20, Dr. Dauphin moved Mr. Minor into Category III of West Virginia Code of State Rules § 85-20-C, with verifiable numbness down both legs. Dr. Dauphin noted his reliance on the report of Gary Naum, M.D., Mr. Minor's primary care physician. Dr. Naum's report is not of record but based upon his report Dr. Dauphin determined the numbness did not pre-exist the compensable injury. Dr. Dauphin found the claimant to suffer 10% whole person impairment as a result of the August 9, 2007, compensable injury. However, the Office of Judges concluded that the findings of Dr. Dauphin cannot be deemed reliable evidence on which to overturn the claim administrator's decision. The Office of Judges noted that Mr. Minor's claim has been held compensable solely for a lumbar sprain. The Office of Judges then noted that Dr. Dauphin makes it clear in his report that he feels Mr. Minor is entitled to have the diagnosis of a ruptured disc at L5 and sciatica added as compensable diagnoses in this claim. Further, the Office of Judges determined that Dr. Dauphin takes into account the ruptured disc and sciatica, which are not compensable conditions of the claim when issuing his opinion about the level of whole person impairment. As a result, the Office of Judges determined that the evidence provided by Mr. Minor was insufficient to overturn the claims administrator's decision. The Office of Judges affirmed the claim administrator's decision to grant Mr. Minor a 5% permanent partial disability award. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and the conclusions of the Board of Review. Mr. Minor, despite submitting the only medical evidence of record, has failed to prove that he is entitled to any more than a 5% permanent partial disability award.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 1, 2015**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Chief Justice Margaret L. Workman
Justice Menis E. Ketchum